IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT W. MAUTHE, M.D., P.C.,[1] individually and on behalf of all others similarly situated, Plaintiff | : : : : : | CIVIL ACTION |
| vs. | : : | NO. 17-1916 |
| NATIONAL IMAGING ASSOCIATES, INC.,[2] Defendant | : : : | |

# M E M O R A N D U M

**STENGEL, C. J.**                                                                                     April 25, 2018

Plaintiff Robert W. Mauthe, M.D., P.C., filed this class action[3] against Defendant National Imaging Associates, Inc., alleging a violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227.  Specifically, the plaintiff alleges that the defendant violated the TCPA by sending at least one advertisement by facsimile to its office.  The defendant has filed a motion to dismiss to which the plaintiff responded.  For the following reasons, I will grant the motion in its entirety.

---

[1] The complaint indicates that Plaintiff Robert W. Mauthe, M.D., P.C., is a private medical practice in Center Valley, Pennsylvania.  See Compl. ¶ 7.

[2] According to the complaint, National Imaging Associates, Inc., is in the business of providing radiology and specialty medical management services to the healthcare industry.  It facilitates medical services by offering prior authorization of radiologic and other specialty medical services, offering consulting services, and scheduling services through contracted providers.  See Compl. ¶ 5.  National Imaging is a Delaware corporation with its principal place of business in Columbia, Maryland.  Id. at ¶ 8.

[3] The complaint initially defines the class as "Each person or entity that was sent one or more telephone facsimile messages ('faxes') about healthcare services available through www.RadMD.com."  See Compl. ¶ 24.

## I. BACKGROUND[4]

The complaint alleges that on September 23, 2014, the plaintiff received one of the defendant's advertisements by facsimile.  See Compl. ¶ 14.  It also alleges that the transmission received is a one-page document about the defendant's management services available through the defendant's website, i.e., www.RadMD.com.  Id. at ¶ 15.  It allegedly promotes the defendant's name and advertises the commercial availability or quality of services available through www.RadMD.com.  Id. at ¶¶ 16, 17.  The document requests that the recipient complete a satisfaction survey and return the results either by facsimile or at the defendant's website.  Id. at ¶ 18.  The complaint alleges that the satisfaction survey is a pretext to increase awareness and use of the defendant's healthcare management services and to increase traffic to the defendant's website.  Id. at ¶¶ 6, 20.  The complaint also alleges that the defendant sent advertisements by facsimile to more than thirty-nine persons.  Id. at ¶ 22.

The complaint further alleges that the plaintiff and the other class members owe no obligation to protect their facsimile machines from the defendant.  Their facsimile machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive the defendant's allegedly unlawful advertisements.  Id. at ¶ 23.

---

[4] The facts are gleaned from the complaint and the extrinsic documents upon which it is based.  See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in its favor.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

While Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests," Bell Atlantic, 550 U.S. 544, the plaintiff must provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Bell Atlantic, 550 U.S. 544). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. DISCUSSION

The TCPA is a remedial consumer protection statute. Gager v. Dell Financial Servs., 727 F.3d 265, 271 (3d Cir. 2013). As a result, a court must construe the TCPA's statutory language broadly to effect its purpose. Klein v. Commerce Energy, Inc., 256 F.Supp.3d 563, 577 (W.D. Pa. 2017). The TCPA creates a private cause of action, and

3

declares it unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement. 47 U.S.C. § 227(b)(1)(C) & (b)(3). The FCC defines "advertisement" as follows:

> We conclude that facsimile messages that promote goods or services even at no cost, such as free magazine subscriptions, catalogs, or free consultations or seminars, are unsolicited advertisements under the TCPA's definition. In many instances, "free" seminars serve as a pretext to advertise commercial products and services. Similarly, "free" publications are often part of an overall marketing campaign to sell property, goods, or services.

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005, 21 F.C.C.R. 3787, 3814 (April 6, 2016). An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). If a defendant violates the TCPA, a plaintiff is entitled to have the violation enjoined, recover damages for the violation, or both. 47 U.S.C. § 227(b)(3). If a defendant willfully or knowingly violates the TCPA, the court may award treble damages. Id.

Here, this action is based on the plaintiff's receipt of a single facsimile transmission from the defendant which sought the plaintiff's input on the quality of pre-authorization services that it experienced as an ordering provider. The document was

4

faxed to Dr. Mauthe's medical office after the office had obtained, through the defendant, health plan approval for services. At the bottom of the faxed document, the defendant includes the following: "Thank you for your response! For questions or to discuss our survey process, please call 1-800-327-0641 at any time."

A careful review of the faxed document reveals that it neither promotes goods or services, nor seeks to initiate a new transaction. Instead, it seeks feedback on a transaction that had already taken place between the plaintiff and the defendant. It closes out a commercial interaction by ensuring that the services provided to the recipient were satisfactory. All of the questions in the survey relate to services previously ordered by the plaintiff, and nowhere is any new good or service offered for sale. The faxed document merely requests that the recipient, a provider who ordered radiology services for his patient through the defendant, fill out a survey to facilitate the efficient use of the defendant's pre-authorization services. See Fulton v. Enclarity, 2017 U.S. Dist. LEXIS 28439, *11 (E.D. Mich. 2017) (faxes which provide, verify, or collect information are not advertisements under the TCPA, because they do not promote the sale of property, goods, or services); Phillips Randolph Enters., L.L.C. v. Adler-Weiner Research Chi., Inc., 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007) (invitation to participate in a research study was not an advertisement).

I also find that the document is not a "pretext" for future advertising. The mere mention of a website as an alternative method to complete the survey does not make the survey an advertisement, particularly because the website offers nothing for sale to the plaintiff. A review of the website shows that it is primarily a vehicle for medical

5

providers to obtain authorizations to provide radiological procedures.  The complaint alleges neither that the defendant sells products and services to providers like the plaintiff, nor that the defendant uses the results of the survey to make a profit.  See Sandusky Wellness Ctr. v. Medco Health Solutions, Inc., 788 F.3d 218, 222 (6th Cir. 2015) (emphasizing that although the fax at issue called certain medications and services to the chiropractor's attention, it did not "promote the drugs or services in a commercial sense" because the faxes were "not sent with hopes to make a profit, directly or indirectly, from [the chiropractor] or the others similarly situated.")

Further, the faxed document only cites to www.RadMD.com in order to provide the recipient an alternative method for answering the survey -- not to direct the recipient to a website where it then promotes goods or services.  In fact, the sole reference to the website informs the recipients that if they do not choose to fax the survey results back to the defendant directly, they "may also complete the survey at www.RadMD.com," followed by specific directions as to where to find the survey.  Thus, I must agree with the defendant's posing of the following question:  "If the faxed document were intended to drive traffic to a website, why would it first instruct the recipient to return the survey by fax?"  The plain answer is that the document was not intended for that purpose.

Accordingly, I find that the document faxed by the defendant to the plaintiff is not actionable as a matter of law under 47 U.S.C. § 227(b)(1)(C).  The content of the document, on its face, does not constitute an advertisement.  Sandusky, 788 F.3d at 222 ("So to be an ad, the fax must promote goods or services to be bought or sold.")  Nothing mentioned in the document is "available to be bought or sold."  N.B. Indus., Inc. v. Wells

6

Fargo & Co., 465 F.App'x 640, 642 (9th Cir. 2012). It does not offer—or even mention—any product, good, or service to the plaintiff, and it does not offer or solicit any product, good, or service for sale. Thus, the faxed document "lack[s] the commercial components inherent in ads." Sandusky, 788 F.3d at 223; Vinny's Landscaping, Inc. v. United Auto Credit Corp., 207 F.Supp.3d 746 (E.D. Mich. 2016) ("there is no dispute that a fax must advertise something" to fall within the TCPA). I will grant the defendant's motion to dismiss Count I alleging a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Finally, the defendant also seeks the dismissal of the plaintiff's state law claim of conversion arguing that it is plainly barred by Pennsylvania's two year statute of limitations. See Bednar v. Marino, 646 A.2d 573, 578 (Pa. Super. 1994). In its response to the motion to dismiss, the plaintiff concedes that its conversion claim is barred. See Document #18 at *6. Accordingly, I will grant the motion to dismiss Count II of the complaint alleging a state law claim of conversion.

An appropriate Order follows.